## B. E. Harris v. Frances De Wolf et al.

### Gen. No. 13,330.

REDEMPTION—*what essential to effect.* A redemption from a sale of a leasehold in land is ineffective where an amount paid by the holder of the certificate for taxes, for which receipt has been filed as required by statute, is not included in the redemption money. The form of the receipt so required to be filed is not material. It is enough that the receipt so filed is shown by competent evidence to be in fact a receipt for the actual taxes so paid.

Bill in chancery. Appeal from the Superior Court of Cook County; the Hon. WILLARD M. McEWEN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1906. Affirmed. Opinion filed October 4, 1907.

**Statement by the Court.** Appellant filed his intervening petition in a chancery cause wherein appellee Frances DeWolf sought by her bill of complaint to foreclose a leasehold interest held by Warren Springer on property belonging to said Frances DeWolf. The petition sets forth the filing of the bill, the appointment of a receiver, that a decree was rendered against Springer for $14,806.87, that his interest in the leasehold was sold by a master in chancery to Wallace L. DeWolf, to whom a certificate of sale was issued, that appellant purchased upon December 28, 1904, a judgment rendered against Springer by a justice of the peace for $40.29, that a transcript having been filed in the office of the clerk of the Circuit Court, he on the same day redeemed the property by "paying a sufficient sum of money" to the sheriff, who thereupon sold the leasehold interest to appellant under an execution issued on the judgment so purchased by appellant and that subsequently the sheriff issued a deed conveying said leasehold interest to appellant. The petitioner prays that the receiver be required to file his report and turn over to petitioner possession of the property.

The petition and supplemental petition were dismissed by the chancellor for want of equity with a finding that the

petitioner did not pay the amount necessary for the redemption of said property, that he failed to pay the taxes assessed upon said property for the year 1903, which said taxes amounting to $683.08 had been duly paid by Wallace L. DeWolf on May 11, 1904, which appellant was bound to repay in order to redeem, that said Wallace L. DeWolf duly exhibited to and filed with the master who made said sale the receipt showing payment of said taxes, that there had been no valid redemption by appellant, that the sheriff's sale conferred no right or interest in the property upon him, that the property had been duly sold by the master on September 29, 1903, to Wallace L. DeWolf, that the time for redemption expired December 30, 1904, and that said Wallace L. DeWolf then became entitled to a master's deed to the property and to the possession, rents, issues and profits thereof; and that on March 4, 1905, the master duly issued to W. L. DeWolf a deed of the property duly vesting the title in him. It was ordered that the receiver deliver possession of the property to Wallace L. De. Wolf, free and clear of any claim, right, title or interest on the part of appellant or any other party to the suit or any one claiming through or under them.

From this decree appellant prosecutes an appeal.

STEDMAN & SOELKE and WM. J. AMMEN, for appellant.

TENNEY, COFFEEN, HARDING & WILKERSON and CHARLES L. BILLINGS, for appellees; GEORGE T. ROGERS, of counsel.

MR. JUSTICE FREEMAN delivered the opinion of the court.

It is said in behalf of appellant that "the single point in dispute both in the lower court and in this appeal is as to whether or not Harris, in redeeming or attempting to redeem as such judgment creditor, was bound to pay the tax alleged to have been paid by DeWolf as the holder of the certificate of purchase before such redemption or attempted redemption by Harris, it being conceded that Har-

ris did not pay or attempt to pay that tax; and it being further conceded that if Harris was bound to pay such tax in order to redeem, then his failure to pay the same rendered his attempted redemption a nullity. In short, the purchase by DeWolf and the deed to him were and are conceded to have been correct and valid as recited in his certificate of purchase and deed offered in evidence, unless defeated by a valid redemption upon the part of Harris."

The provisions of our statute for the redemption of real estate sold under any execution, judgment or decree of court are found in chapter 77 of the Revised Statutes entitled "Judgments, Decrees and Executions." Redemption by "any decree or judgment creditor" is provided for in sections 21 *et seq.* Section 27a is as follows:

"Whenever any real estate is sold under any judgment or decree, of any court, the holder of the certificate of such sale shall have the right to pay all taxes and assessments which are or may become a lien on such real estate during the time of redemption running on such sale, and whenever redemption is made from such sale the party or parties entitled to redeem shall pay to the holder of such certificate or to the sheriff, master in chancery or other officer who sold the same, or his successor in office, in addition to the amount due on such certificate, the amount paid by the holder thereof for such taxes and assessments, together with interest thereon at the rate of six per centum per annum, if before such redemption is made a receipt or receipts for such taxes or assessments shall be filed with the sheriff, master in chancery or other officer who made such sale, or exhibited by the holder of such certificate in case redemption is made directly to the holder of such certificate."

It is the clear intention of this statute that the holder of a certificate of sale of real estate shall have the right to pay all taxes and assessments thereon which are or may become a lien on such real estate while the time of redemption is running, and that any one redeeming shall repay to such holder the amount of such taxes and assessments with interest thereon, if a "receipt for such taxes" or assessments

Harris v. De Wolf.

shall have been filed with the officer who made the prior sale. Appellant's contention is that he was not required to pay these taxes because the property sought to be redeemed was only a leasehold interest, whereas it is said the tax paid by Wallace L. DeWolf, holder of the certificate of sale from which appellant endeavored to redeem, was a tax upon the fee and not upon the leasehold. This contention is based upon the description of the property in the tax receipt which describes it without mentioning the leasehold. The statute provides that the term real estate as used in the act above referred to "shall include lands, tenements, hereditaments and all legal and equitable rights and interests therein and thereto, including estates for the life of the debtor or of another person and estates for years and leasehold estates when the unexpired term exceeds five years." R. S., section 3, chapter 77. The tax in question describes the real estate and includes for aught that appears the leasehold as well as any other legal and equitable rights therein. Taxes upon real property are by the statute made "a prior and first lien on such real property superior to all other liens and incumbrances." R. S., chapter 120, section 253. It is apparent therefore that the tax upon the land was or might become a lien on the leasehold interest, included in the term real estate as used in section 27a (chapter 77) above quoted. This being true, Wallace L. DeWolf as holder of the certificate of sale of the leasehold interest had a right to pay the tax and in order to redeem appellant was required to pay DeWolf the amount of the tax so paid.

It is urged, however, in appellant's behalf that there is a variance between the description of the land in the tax receipt and the description in the master's certificate of sale, which describes the property as "the unexpired term of the leasehold estate" in such land, and recites a payment of the tax by W. L. DeWolf & Co. The statute, however, required only that "a receipt * * * for such taxes" so paid by the holder of the certificate should be filed with the master who made the sale. It is not disputed and there

is evidence tending to show that this was done. The exact form of the receipt is not material. It is enough that the receipt so filed is shown by competent evidence to be in fact a receipt for the actual tax so paid, whether made out in the name of the holder of the certificate personally or to his agent, and whether accurate upon its face in all respects or not. See Paris v. Lewis, 85 Ill., 597–601. It is suggested by appellees' counsel that it does not appear but what DeWolf was obliged by the terms of the lease to pay all taxes, assessments, special assessments, water rates and liabilities upon the premises in question, and that the entire record is not brought up as it should have been. The lease in question was doubtless before the chancellor in the foreclosure proceeding in which the petition before us was filed. In its absence we can only presume the chancellor's finding and decree are supported by the evidence.

In order to redeem pursuant to the requirement of the statute appellant was bound to pay the taxes rightfully paid by the holder of the certificate of sale. It is clear from the record before us that he did not do so.

The decree of the Superior Court will be affirmed.

*Affirmed.*